**AFFIRMED and Opinion Filed June 26, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-23-00137-CR
No. 05-23-00185-CR

**CHRISTOPHER SAMUEL RODRIGUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-83557-2016 and 366-83556-2016**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Appellant Christopher Samuel Rodriguez was indicted in 2016 for obstruction or retaliation and for assault of a family or household member.[1] He entered identical plea agreements in the two cases, pleading guilty and accepting concurrent sentences of ten years in the Texas Department of Criminal Justice, Institutional Division for

---

[1] Appellate case number 05-23-00137-CR corresponds to trial court number 366-83557-CR, and involves appellant's obstruction or retaliation case (the Obstruction Case). Appellate case number 05-23-00185-CR corresponds to trial court number 366-83556-2016, and involves appellant's assault of a family or household member (the Family Violence Case).

each offense. The sentences were suspended in return for his serving four years of community service.

In April 2019 the State filed a Motion to Revoke Community Supervision in each case. The State alleged eleven violations of appellant's conditions of community supervision in the Family Violence Case and nine violations in the Obstruction Case; appellant pleaded true to all the alleged violations. The trial court found the allegations true, but it continued appellant on community service and extended the term of that service two years, i.e., until April 5, 2023.

In August 2021, the State filed another Motion to Revoke Community Supervision in each of appellant's cases. In the Family Violence case, the State alleged fourteen violations of the conditions of his community service, including a number of administrative violations[2] and others that involved use of illegal drugs.[3] In the Obstruction Case, the State charged appellant with twelve violations of the conditions of his community service, including a number of administrative violations[4] and the same allegations involving use of illegal drugs. Both motions were subsequently amended to include the following violations after appellant was arrested and charged with new offenses:

---

[2]  The motion alleged that appellant failed to report in May or June 2021, failed to pay a urinalysis reimbursement fee, a monthly supervision reimbursement fee, court costs, and a fine.

[3] The motion alleged that appellant had tested positive for opiates and for cocaine more than once. He also repeatedly failed to submit to urine analyses.

[4]  The motion alleged that appellant failed to report in May or June 2121, failed to pay court costs and a fine, and failed to complete required community service.

1. that the defendant has committed an offense against the laws of the State of Texas, to wit: on or about the 16th day of November, 2022 in the County of McCulloch and State of Texas, the defendant did then and there commit the offense of Evading Arrest with Vehicle;

2. that the defendant has committed an offense against the laws of the State of Texas, to wit: on or about the 16th day November, 2022 in the County of McCulloch and State of Texas, the defendant did then and there commit the offense of Terroristic Threat Against Peace Officer/Judge;

3. that the defendant has committed an offense against the laws of the State of Texas, to wit: on or about the 16th day of November, 2022 in the County of McCulloch and State of Texas, the defendant did then and there commit the offense of Driving While Intoxicated;

4. that the defendant has used alcohol to-wit: on or about the 16th day of November, 2022 the defendant was arrested for Driving While Intoxicated[.]

These newly charged offenses remained pending at the time the amended motions were heard.

At the outset of the revocation hearing on the amended motions, appellant stated he was pleading not true to all allegations. However, when the State announced that it was abandoning the four above-quoted allegations based on the November 2022 offenses, he agreed to plead true to the remaining violations. The trial court accepted appellant's plea, found the violations true, and heard evidence on punishment.

Appellant's probation officer testified for the State, confirming that appellant had indeed committed each of the alleged violations. She testified that although appellant had completed the department's drug programs, he had committed new

drug-related violations. She believed continued community supervision would not help him, and she recommended he be revoked.

Appellant testified on his own behalf. When asked about his period of failing to report and drug-related violations, he explained that he had felt overwhelmed by a busy work schedule and taking care of his children and had made bad decisions when looking for a "release." He asked to be extended on community supervision and to be given some kind of mentoring assistance.

The trial court revoked appellant's community supervision and imposed a ten-year sentence. This appeal followed.

### The *Anders* Brief

In this Court, appellant's attorney has filed a brief in each case, in which she concludes the appeal is wholly frivolous and without merit; she has asked to withdraw as counsel in both cases. *See Anders v. California*, 386 U.S. 738 (1967). Counsel delivered a copy of the briefs to appellant and notified him: (1) of his right to respond to the *Anders* brief within 30 days of filing of the brief; (2) of his right to seek pro se access to the record in preparing his response; and (3) of his right to seek a pro se Petition for Discretionary Review in the Court of Criminal Appeals. We also advised appellant of his right to file a pro se response, but he did not file a response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014). Nor did the State file a response to the *Anders* brief. In the briefs, counsel represents that

she has conducted a thorough review of the record of this appeal and has been unable to find any non-frivolous error for the Court to review.[5]

We have likewise thoroughly reviewed the record of the revocation hearing on the amended motions and counsel's briefs. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). The record establishes that—before accepting appellant's open pleas of true—the trial court properly admonished him concerning the range of punishment attached to both offenses and the consequences of non-citizenship. *See* TEX. CODE CRIM. PROC. art. 26.13(a). The trial court also explained what an "open plea" meant and inquired of appellant: whether he had been given sufficient time to go through the plea paperwork with his attorney, whether he had read and understood everything he signed, whether he was taking any medication, whether he was satisfied with his attorney's representation, and whether he was pleading true freely and voluntarily rather than because anyone had threatened or forced him to do so. After responding affirmatively to the court's questions, appellant confirmed that he wanted to plead

---

[5] Counsel does set forth, "in an abundance of caution," the possibility that one might argue that the ten-year sentence was "cruel and unusual and grossly disproportionate for the offense charged and is unconstitutional under the United States and Texas Constitutions." After setting forth the legal standards for such a complaint, counsel concludes:

> The sentence assessed by the judge is within the range of punishment for the offense. It is also within the range set by Appellant's original plea agreement. It is the belief of counsel that in spite of Appellant's remorse and desire to make positive changes to his life, none of these arguments can conceivably persuade this Court.

We agree. *See Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.—Dallas 2020, no pet.) ("Arguments are frivolous when they 'cannot conceivably persuade the court.'" (quoting *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988))).

true to the remaining allegations in both cases. The trial court found the pleas were freely and voluntarily entered and that appellant was sufficiently competent to make those pleas. We identify no arguable error in the plea proceedings. Similarly, we identify no evidentiary error in the trial court's taking of evidence on punishment or in its sentencing of appellant to the exact term of incarceration for which he had bargained.

We agree that the appeal is without merit; we find nothing in the record that might arguably support the appeal of either of the trial court's judgments. We conclude counsel's briefs present a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*).

## Conclusion

We grant counsel's motions to withdraw, and we affirm the trial court's judgments.

/Bill Pedersen, III/

BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
230137F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER SAMUEL RODRIGUEZ, Appellant

No. 05-23-00137-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-83557-2016.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant CHRISTOPHER SAMUEL RODRIGUEZ.

Judgment entered June 26, 2024



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER SAMUEL
RODRIGUEZ, Appellant

No. 05-23-00185-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-83556-
2016.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of
this appeal from appellant CHRISTOPHER SAMUEL RODRIGUEZ.

Judgment entered June 26, 2024